IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRYSTAL SNOWDEN,<br><br>                Plaintiff,<br><br>vs.<br><br>ORIENTAL TRADING COMPANY, INC., and MARC, last name unknown;<br><br>                Defendants. | **8:22CV435**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed her Complaint in this matter on December 16, 2022. Filing 1. Plaintiff has been given leave to proceed in forma pauperis. Filing 6. The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint against her former employer, Oriental Trading Company, Inc. ("Oriental Trading") and an individual named "Marc." Plaintiff utilized the Form Pro Se 1 Complaint for a Civil Case and included the following in her "Statement of Claim":

> Discrimination: A lady by the name of Dawn told me she was part of Hells Angels. She had a man following me on the floor while I was working watching me the 1st week I was [there]. Dawn also picked on me[.]
>
> Retaliation: The man (Marc) that Dawn had following me in the warehouse the 1st week, attacked me on my 4th week there[.]
>
> Wrongful Termination: I was fired after being attacked[.]

Filing 1 at 4–5. Plaintiff goes on to describe the emotional distress she experienced as a result of her termination, *Id.* at 5, but she does not request any relief in her Complaint and wrote "NA" in the space provided for "The Amount in Controversy," *Id.* at 4.

Plaintiff attached to the Complaint a copy of the Determination and Notice of Rights issued to her by the Equal Employment Opportunity Commission ("EEOC") on October 3, 2022, and a copy of her Charge of Discrimination ("Discrimination Charge") filed with the EEOC and the Nebraska Equal Opportunity Commission ("NEOC"). *Id.* at 7–12. In the Discrimination Charge, Plaintiff states she is African American and worked for Oriental Trading from November 10, 2021 to December 12, 2021. *Id.* at 8. Plaintiff's Discrimination Charge also provides additional factual allegations regarding her interactions with Dawn and Marc. Specifically, Plaintiff alleges,

1. During my first week of employment, Team Lead Dawn (last name unknown-LNUK, Caucasian) went out of her way to pick fights with me and mentioned she was part of Hells Angels. Due to the issues with Dawn, my immediate supervisor (name unknown-NUK, Caucasian) treated me differently in the terms and conditions of employment by asking the only other African American employee, Tish or Tisha (LNUK), about me. After that, Dawn stopped trying to pick fights and I thought my problems had ended.

2. On or about December 8, 2021, co-worker Marc (LNUK, Caucasian) got mad as I was coming down the lane and moving boxes he had thrown so he threw his body against me and would have knocked me over if I wasn't holding a cart. I reported incident to my supervisor but she failed to report the matter to law enforcement, take corrective action or terminate Marc.

*Id.* at 8. On December 12, 2021, Plaintiff was informed that she had been terminated and was told corporate would not talk to her until it was

investigated, but Plaintiff alleges no one asked for her "side of the story." *Id. at 8*. Plaintiff's job performance was satisfactory. *Id.* at 9.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders,* 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian,* 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges that Defendants discriminated against her on the basis of race and retaliated against her in violation of Title

VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Nebraska Fair Employment Practice Act ("NFEPA"), NEB. REV. STAT. §§ 48-1101-1126. Filing 1 at 8. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The NFEPA is patterned after Title VII, and Nebraska courts have looked to federal decisions in analyzing claims brought under the Nebraska act. *Edwards v. Hiland Roberts Dairy, Co.*, 860 F.3d 1121, 1124 n.3 (8th Cir. 2017) ("We analyze discrimination claims under the NFEPA by applying the same analysis for discrimination claims under Title VII."). For the reasons discussed below, Plaintiff's Complaint fails to state a claim for discrimination or retaliation under Title VII and the NFEPA upon which relief may be granted.

### A. Claims against Marc

As an initial matter, Plaintiff names "Marc," another employee of Oriental Trading, as a defendant in this matter. However, Title VII imposes liability on *employers*. 42 U.S.C. § 2000e(b). The Complaint's allegations clearly indicate that Marc was Plaintiff's "co-worker" and cannot be considered an "employer" of Plaintiff. Thus, Plaintiff's claims against Marc will be dismissed. *See Smith v. St. Bernards Regional Medical Center*, 19 F.3d 1254, 1255 (8th Cir. 1994) (claims against individual defendants were properly dismissed because liability under Title VII only attaches to employers).

### B. Demand for Relief

Complaints filed in federal court must contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Plaintiff's Complaint does not specify the relief she seeks. *See generally* Filing 1. Accordingly, this matter may not

4

proceed on Plaintiff's current Complaint. On the court's own motion, the court will provide Plaintiff with the opportunity to amend her Complaint to specify the relief she seeks and correct the other deficiencies identified below.

**C. Discrimination**

To state a prima facie claim of discrimination,[1] Plaintiff must allege facts showing that (1) she is a member of a protected class; (2) she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011). "The required prima facie showing is a flexible evidentiary standard, and a plaintiff can satisfy the fourth part of the prima facie case in a variety of ways, such as by showing more-favorable treatment of similarly-situated employees who are not in the protected class, or biased comments by a decisionmaker." *Id.* (internal quotations and citations omitted).

Here, Plaintiff has alleged she is a member of a protected class, her job performance was satisfactory, and she suffered an adverse employment action (i.e., termination). However, the court cannot reasonably infer that circumstances exist that give rise to an inference of discrimination based on Plaintiff's race. Plaintiff alleges no facts suggesting someone outside of her

---

[1] A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570; *see also Cook v. George's, Inc.*, 952 F.3d 935, 939-40 (8th Cir. 2020). However, the elements of a prima facie case are relevant to a plausibility determination. See *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

protected class was treated more favorably and was similarly situated or that Dawn's and Marc's harassment of Plaintiff was linked to her race. Accordingly, Plaintiff has failed to state a discrimination claim upon which relief may be granted.

**D. Retaliation**

Title VII also prohibits retaliation against an employee "because [she] has opposed any practice made an unlawful employment practice by [Title VII], or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, a plaintiff must present evidence that (1) she engaged in a protected activity; (2) an adverse employment action was taken against her; and (3) a causal connection exists between the two. *Barker v. Missouri Dep't of Corr.*, 513 F.3d 831, 835 (8th Cir. 2008).

Upon review, the court concludes that Plaintiff has failed to allege sufficient facts to demonstrate that she engaged in activity protected under Title VII. "A plaintiff engages in protected conduct when he or she opposes an unlawful employment practice." *Gustafson v. Genesco, Inc.*, 320 F. Supp. 3d 1032, 1051 (S.D. Iowa 2018) (citing 42 U.S.C. § 2000e-3(a)). "A plaintiff need not establish the conduct which she opposed was in fact discriminatory but rather must demonstrate a good faith, reasonable belief that the underlying challenged conduct violated the law." *Buettner v. Arch Coal Sales Co.*, 216 F.3d 707, 714 (8th Cir. 2000). "Conduct is not actionable under Title VII if no reasonable person could have believed the incident violated Title VII's standard." *Barker*, 513 F.3d at 835.

Here, Plaintiff reported to Oriental Trading about Dawn's harassment of Plaintiff and also about the incident involving Marc in which he physically contacted Plaintiff. However, the facts alleged in the Complaint fail to suggest that a reasonable person could have believed the complained-of

6

treatment violated Title VII's standard. The allegations fail to suggest any link between Dawn's and Marc's mistreatment of Plaintiff and Plaintiff's race. Plaintiff's allegations merely suggest a number of isolated incidents of rude and unpleasant behavior over a four-week period. The court cannot reasonably infer from the Complaint's allegations that the harassment was of an extreme nature or was linked to Plaintiff's race. Thus, as alleged, the harassment directed at Plaintiff is not actionable under Title VII. *See [LeGrand v. Area Res. for Cmty. & Human Servs.](), 394 F.3d 1098, 1101–02 (8th Cir. 2005)* (finding that "to be actionable, conduct must be extreme and not merely rude or unpleasant").

## IV. CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief for race-based discrimination or retaliation. On its own motion, the court will grant Plaintiff leave to file an amended complaint that sufficiently alleges an employment discrimination claim upon which relief may be granted and specifies the relief she seeks. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **June 15, 2023** to file an amended complaint that sufficiently alleges an employment discrimination claim upon which relief may be granted and specifies the relief requested. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without prejudice and without further notice to Plaintiff.

2. The clerk of court is directed to set a pro se case management deadline using the following text: **June 15, 2023**: check for Amended Complaint.

Dated this 16th day of May, 2023.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge