IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CRYSTAL SNOWDEN,

          Plaintiff,

    vs.

ORIENTAL TRADING COMPANY, INC.,

          Defendant.

**8:22CV435**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Relief from Judgment and to Reopen Case (the "Motion") filed on April 15, 2026, and brought pursuant to Federal Rule of Civil Procedure 60(b). Filing No. 15. Upon review, the Court will deny Plaintiff's Motion.

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). In

addition, a Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff asks the Court for relief from the judgment of dismissal entered March 15, 2024, because Plaintiff "did not receive any of the Court's mail or notices due to circumstances beyond [her] control." Filing No. 15 at 1. Specifically, Plaintiff became homeless in November 2023 and did not have a stable or reliable mailing address until March 2025 and, "[b]ecause of this, [she] was unaware of the Court's communications and was unable to respond." *Id*. However, to the extent Plaintiff seeks relief from the Court's judgment under Rule 60(b)(1) for mistake, inadvertence, or excusable neglect, her motion was filed more than a year after the judgment was entered (and more than a year after she secured a reliable mailing address) and is, therefore, untimely.

The Court also finds that Plaintiff has failed to demonstrate any extraordinary circumstances warranting relief under Rule 60(b)(6). Contrary to Plaintiff's belief, this case was not dismissed "because [she] did not respond to court communications." Filing No. 15 at 1. Rather, the Court dismissed Plaintiff's Amended Complaint because it failed to state a plausible claim for relief for race-based discrimination, harassment, or retaliation. Filing No. 13. Moreover, Plaintiff requested and was granted e-filing access in this case, so notice of the Court's March 15, 2024, order and judgment of dismissal were e-mailed to Plaintiff at her e-mail address on file with PACER, which matches the e-mail address she provided in her Motion. *See* Filing No. 15 and Docket Sheet. Thus, Plaintiff's lack of a reliable mailing address in March 2024 would not have prevented her from receiving notice of the Court's judgment.

For the foregoing reasons, Plaintiff has failed to demonstrate that relief from the Court's judgment is warranted under Rule 60(b). Accordingly,

IT IS ORDERED that: Plaintiff's Motion for Relief from Judgment and to Reopen Case, Filing No. 15, is denied.

Dated this 28th day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3